NO. 8709

COURT OF APPEAL

PARISH OF ORLEANS

———

CHARLES PITCHER ET ALS

VERSUS

BOYLAN'S DETECTIVE AGENCY

———

Nov 13/22

Judge Bell dissents

467

Dinkelspiel; J.

This is a damage suit.

The pertinent allegations of plaintiff's petition are that on or about April 14th, 1921, at about seven P. M. on Eighth and Coliseum Streets, in this city, plaintiffs' minor son, for absolutely no cause or reason, was brutally assaulted by William White, an employee of the said defendant partnership, was acting within the scope of his authority. Averring further that said partnership act as watchmen and private policemen for the purpose of guarding the houses of those who employ the said defendant partnership , and that William White was one of its watchman or employees or private policemen, and was engaged in his duties as private policeman or watchman on that day and hour set forth, guarding the houses in the vicinity of Eighth and Coliseum Streets. And alleging further that at the time mentioned the said William White, while in the discharge of his duty as private policeman or watchman and acting for and being employed by said defendant partnership, he met four or five boys, all about the age of petitioners' minor son, on the street, where they had a right to be, on the Corner of Eighth and Coliseum Streets, there being nothing suspicious about the boys and the boys being engaged in no mischief or violation of the law, just waiting to go back to shhool to study, were not making any noise nor doing anything to render them suspicious, when without any cause or reason or provocation of any kind or character, the said William White brutally assaulted and beat petitioners' minor son, rendering him unconscious and inflicting the injuries hereinabove complained of; and that said William White was drunk and intoxicated and that one of the residents of the neighborhood, Mr. Westfeldt whose home this man, William White, was supposed to be guarding, telephoned to said defendant telling them that said William White was drunk and in no fit condition farinixx for duty and to perform the services required of him.

The followed the usual allegation of suffering and the injuries alleged and prayer for a judgment.

To this petition defendants filed an exception that petition disclosed no cause or right of action against the defendant, Boylan's Detective Agency, and Protection Police, and prayed for judgment dismissing plaintiff's suit at their costs.

On the trial of the exception the Court        sons orally assigned, considering the exception of         cause of action filed by the defendant to be well foun..., ...smissed plaintiffs' suit and rejected their demand at their costs.

Subsequently on motion for new trial the motion was overruled, and from that judgment there is this appeal.

The Civil Code, Art. 2317. "Liability for acts of others and things in our charge. We are responsible not only for the damage occassioned by our own act but for that which is caused by the act of a person for whom we are answerable or of the thing which we have in our custody."

Art. 2320 of the Civil Code provides: Masters and servants. Masters and employers are answerable for the damage occassioned by their servants and overseers in the exercise of the functions in which they are employed.

In the case of Williams vs. the Pullman Palace Company et als, 40 Ann. 417, the questions presented and decided were: 1st, Can the Railway Co. be held liable for the acts of an employee of the Pullman Co. under any circumstances? 2nd, Was plaintiff a trespasser on the Pullman car when he was struck by the porter or was he entitled to the full protection of the Railway Company as one of its passengers?

And at page 419 the Court goes on to say in the body of its opinion: "The general principle is xx well settled that to make one person responsible for the xxgxxgxxxxx negligent or tortuous act of another, the relation of principal and agent or master and servant must be shown to have

469

existed at the time and in respect to the transaction, between the wrongdoer and the person sought to be charged. The defendant relies upon the absence of this relation between the porter and the company as conclusive against its liability for his acts, but we are of the opinion that this ~~dxfxndxxkxx~~ defense is not available to the defendant, or rather that the persons in charge of the /~~dxxdxxxxxxxxx~~ pullman car are to be regarded and treated in respect to their relations with passengers, as the servants of defendant and the defendant is responsible for their acts, the the same extent as if they were directly employed by the company." And the Court there cites authorities both from the Supreme Court of the United States, together with the highest courts of many states of the union, in support of the doctrine announced.

And ~~xxxkxx~~ again at page 422, "The preponderance of the evidence on that point although very conflicting shows to our entire satisfaction that plaintiff did ask permission of the porter to wash his hands, and after an exchange of a few unpleasant words, the porter struck him on the head with a blunt instrument while plaintiff was standing on the threshold of the pulman car. He was stunned by the blow which felled him; he was brought to the forward ~~xxxx~~ car by one of his friends."

Also see in Williams vs. Pullman Company, 40 La. 87, where the court held: "The earlier doctrine that, in general the master is liable for the fault or negligence of the servant but not for his wilful wrong or trespass has been greatly modified in modern jurisprudence which places the test of the master's liability not on the motive of the servant or the character of the wrong but in the inquiry whether the act done was something his employment contemplated and which if properly and lawfull done would have been within the scope of his functions."

In the case of Vincent et ux vs. Morgan's La. and T. R. & S. S. Co. 140 La. Ann. p. 1037: "A master is liable in damages for any negligent or wanton act of his servant

ıreby another sustains injury in his mind, body or estate, and that is committed in connection with the purposes of his employment."

"Though there is some conflict in the decisions as to the liability of a corporation for the various torts of its officers and agents, the following propositions are supported by the weight of authority; (1) as a general rule a corporation is liable like a natural person for the torts of its officers or agents within the scope or apparent scope of their authority. (2) It is liable for a tort so committed although it involves a specific intent or malice for the intent or malice of its officers may be imputed to it." Citing numerous authorities.

On an exception of no cause of action, the allegations of the petition are to be taken as true, and if taken as true plaintiff could legally recover a judgment on them as prayed for, the exception should be overruled and the parties referred to a trial on the merits for the determination of their respective rights and obligations.

Goldsmith vs. Virgin, 122 Ann. p. 833.

The learned counsel for the defendant in his able brief has cited numerous authorities, some of which we have quoted from and others which we do not think it necessary to cite.

"If a servant goes outside of his employment without regard to his services acting with malice and wantonly causes damage to another, the master is not liable".

And again quoting from their brief: "An employer of a private watchman employed to guard property is not responsible for the wilful or malicious torts of that watchman which are committed on the streets or public highways or at places off of the very premises which he is employed to watch, and guard." Citing numerous authorities.

471

The abstract propositions of law doubtless are correct, but we find on the other hand that in order to determine whether or not the servant, the employee, is not within the scope of his duties, whether or not he was acting at the time of the act either as a policeman or otherwise, is a question of fact which can only be determined as other facts on the trial of the case on its merits, hence we conclude without entering into further discussion of this matter, which would lead to no useful purpose, that it would be in the interest of justice to remand this case to the court aquo, there to be heard and determined on all the facts to be presented to it both pro and con, so that justice will be done.

For these reasons, it is ordered, adjudged and decreed that the judgment maintaining the exception of no cause or right of action be annulled and reversed and this case be remanded to the District Court to be there ~~maxkdazza~~ proceeded with according to law, the costs of the appeal to be paid by the defendant company, and the other costs to await the final determination of the trial of this case.

-Judgment reversed and remanded-